UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00008-JPH-DML ) |
| ROBERT CARTER, et al. | ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT AND DIRECTING
THE PLAINTIFF TO SHOW CAUSE**

Clinton Riley is an Indiana prisoner at New Castle Correctional Facility. He brings this civil rights lawsuit following the revocation of his parole. He claims that his incarceration following the parole revocation is unconstitutional. Because prisoners may not challenge the fact or duration of their confinement in a civil rights lawsuit or sue parole board members for the decision to revoke their parole, the complaint is **DISMISSED**. Mr. Riley has until **April 29, 2022**, to show cause why the action should not be dismissed.

**I. SCREENING STANDARD**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names as defendants the State of Indiana, Indiana Department of Correction Commissioner Robert Carter, and five members of the Indiana Parole Board: Gwen Horth, Thor Miller, Charles Miller, Frederick Medley, and James Schaffer. Mr. Riley brings his claims under 42 U.S.C. § 1983 and other federal and Indiana statutes. Dkt. 1, p. 3. He seeks an injunction releasing him from incarceration and damages. *Id.* at 18-22.

Liberally construed, the complaint makes the following allegations. Mr. Riley was convicted of a sexual offense. He was held beyond his earliest possible release date for failing to comply with Indiana's sexual offender program, known as "SOMM." He was released from prison and placed on parole after aspects of the SOMM program were declared unconstitutional in a habeas corpus proceeding. *Id.* at 4; *see Lacy v. Butts*, 922 F.3d 371 (7th Cir. 2019).

Shortly after his release, Mr. Riley found employment, began volunteering, passed several drug screens, and reconnected with his children. He filed a "Verified Petition to Be Discharged from Arbitrary Classification for S.V.P. and Parole" in this Court under Case No. 1:17-cv-4616-JMS-MJD. That petition was denied. Dkt. 1, p. 5.

After his petition was denied, Mr. Riley was contacted by his parole officer, who demanded a $40 payment for participation in the SOMM program. *Id.* at 6. He was then "summoned to Parole District #3, via, text message; and handcuffed until warrant was obtained and arbitrarily remanded back to prison on the very exact and sole cause for which court ruling / order for immediate release is predicated." *Id.* at 7. His parole revocation hearing occurred in February 2021. *Id.* at 8.

Mr. Riley claims that his incarceration violates his First Amendment right to petition the government for a redress of grievances, his due process right to "*Brady*" evidence, his due process right to be free from arbitrary detention, his right to be free from double jeopardy, his right to be free from involuntary servitude, his right to equal protection, and his right to be free from cruel and unusual punishment. *Id.* at 12-16.

### III. DISCUSSION

A petition for a writ of habeas corpus is the "sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly." *Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006). "[P]arole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994); *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (reaffirming that parole board members have absolute immunity for judicial function of revoking parole but holding that parole officials have only qualified immunity for non-judicial investigative functions). The Eleventh Amendment bars private lawsuits in federal court against a state

that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up).

Mr. Riley may not challenge the fact or duration of his custody in a civil rights lawsuit. He may not sue members of the Indiana Parole Board for their decision to revoke his parole. He may not sue the State of Indiana in federal court without the state's consent. He has not alleged that Commissioner Carter was personally involved in a constitutional violation. For these reasons, his complaint is **DISMISSED**.

Mr. Riley has until **April 29, 2022**, to show cause why the dismissal of his complaint should not lead to the dismissal of the action. Failure to meet this deadline will result in the dismissal of the action without further warning or ability to show cause.

**SO ORDERED**.

Date: 4/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLINTON RILEY
111204
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362