UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLINTON RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00008-JPH-DML |
| | ) | |
| ROBERT CARTER, | ) | |
| GWEN HORTH, | ) | |
| THOR MILLER, | ) | |
| CHARLES MILLER, | ) | |
| FREDERICK MEDLEY, | ) | |
| JAMES SHAFFER, | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

Indiana prisoner Clinton Riley has filed a motion to alter or amend the judgment. For the reasons explained below, this motion is **denied**.

## I. BACKGROUND

Indiana prisoner Clinton Riley filed this lawsuit alleging that Indiana Department of Correction Commissioner Robert Carter, the five members of the Indiana parole board, and the State of Indiana violated his constitutional rights by revoking his parole. Dkt. 1.

The Court dismissed the complaint, reasoning that the complaint did not allege that Commissioner Carter was personally involved in any constitutional violation, that he may not sue members of the parole board for their decision to revoke his parole, that he may not challenge the fact or duration of his custody or the conditions of his parole in a civil rights lawsuit, and that the Eleventh

Amendment prohibits lawsuits against the State of Indiana in federal court. Dkt. 10. The Court provided Mr. Riley with an opportunity to show cause why the action should not be dismissed. *Id.* at 4. The Court reviewed Mr. Riley's response but found that the action must be dismissed. Dkts. 12 (response); dkt. 14 (dismissal). Accordingly, the Court dismissed the action and entered final judgment for the defendants. Dkts. 14, 15.

Mr. Riley has filed a motion to alter or amend the judgment. Dkt. 16. He argues that "the Court's Order of Dismissal" includes "misinterpretations and / or erroneous conclusions . . . of law." *Id.* at para. 4. The motion then discusses exhaustion of remedies (para. 5); summarily states that "respondents / defendants are not entitled to absolute immunity" (para. 6); states that the Court "misinterprets petition for injunctive relief as a means for exemption to pay $40.00 . . . when <u>clearly</u> the causes for warranted relief were detailed . . . which ultimately eliminate final year of parole liability" (para. 7); recounts various cases Mr. Riley filed in state court and federal court (para. 8); summarily argues that a civil rights lawsuit is "the only means of remedy left available to redress proven manifest constitutional error(s) and manifest constitutional rights violations . . . and other questions of law unaddressed by other courts and administrative processes for which claims are unrefuted" (para. 9); argues that the "respondents / defendants to date have failed to respond / challenge / refute my claims and evidence shown," (para. 10); and argues that he has been denied "any 6th Amendment semblance to the right to confront the true cause for which myself

2

as the plaintiff(s) / claimant(s) equal protection of the laws were infringed upon that results in deprivation of liberty" (concluding paragraph). Dkt. 16.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) authorizes courts to alter or amend a final judgment for a manifest error of law or fact or upon the presentation of newly discovered evidence. *Vesey v. Envoy Air, Incorporated*, 999 F.3d 456, 463 (7th Cir. 2021). Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case. *Id.* A Rule 59(e) motion is an opportunity for the district court to correct its own errors before appeal; it is not a replay of the main event— evidence and arguments that could have and should have been presented before judgment are not grounds for relief. *Obriech v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Mr. Riley's motion to alter or amend the judgment lists a number of grievances, but none of these grievances show that Mr. Riley is entitled to the "extraordinary remedy" of reopening this lawsuit. As the Court previously explained, Mr. Riley's complaint does not allege facts against Commissioner Carter. The members of the Indiana parole board are entitled to absolute immunity for the decision to revoke his parole. A civil rights lawsuit may not seek release from custody or alteration of parole conditions. And the Eleventh Amendment prohibits lawsuits against the State of Indiana in federal court. *See* dkt. 14 (citing *Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006); *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005); *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005); *Colbert v. City*

*of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). None of the arguments in Mr. Riley's motion to alter or amend the judgment shows that the dismissal of this action was based on a manifest error of law or fact.

Accordingly, Mr. Riley's motion to alter or amend the judgment, dkt. [16], is **denied**. His motion for a ruling on the motion to alter or amend the judgment, dkt. [21], is **granted to the extent** that the Court issues this Order.

**SO ORDERED**.

Date: 9/16/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLINTON RILEY
111204
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362